UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | EDCV 11-1605 DSF (SPx) | Date | 10/14/11 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. etc. v. Aurora Silva | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Case to Superior Court of California, County of Riverside

On October 5, 2011, Defendant removed this case from state court claiming federal question and civil rights jurisdiction. The complaint is a state law unlawful detainer complaint and does not state a federal cause of action. While the notice of removal states several potential federal defenses to the complaint and federal counterclaims that might be raised, federal jurisdiction is based on the plaintiff's complaint and not on any federal counterclaims or defenses that a defendant might assert. See Holmes Group, Inc. V. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

Civil rights removal under § 1443(1) requires "[f]irst, [that] the [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights [and] [s]econd, that [the defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970)). Defendant appears to believe that she will not receive an adequate hearing in unlawful detainer court. However, none of her mostly unspecific concerns implicates an equal protection right – racial or otherwise. And, even assuming that unlawful detainer courts have sometimes not provided full due process rights, Defendant fails to "refer[] to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

The case is REMANDED to the Superior Court of California, County of Riverside.

IT IS SO ORDERED.